IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**CHRISTIAN EUGENE ROBBINS**

Petitioner,

v.                                        **CIVIL ACTION NO. 2:15-cv-542**

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

Respondent.

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Christian Eugene Robbins' ("Robbins") Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and the Respondent's Motion to Dismiss, ECF No. 5. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 5, be **GRANTED**, and Robbins' Motion for Leave to Amend Petition, ECF No. 9, be **DENIED**, Robbins' "Motion (Unopposed) to Amend Previously Filed (April 18, 2016) 'Motion for Leave to Amend Petition and Memerandum [sic] In Support Thereof,'" ECF No. 13, be **DENIED**, and Robbins' Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

1

## I. FACTUAL AND PROCEDURAL BACKROUND

On July 31, 2011, Robbins rear ended a vehicle after he drank mimosas at brunch with a friend. *Robbins v. Commonwealth of Virginia*, No. 0482-13-1 at 2 (Va. Ct. App. May 13, 2014). The Virginia Beach police officers sent to the accident noted that Robbins smelled of alcohol, slurred his speech, had bloodshot and glassy eyes, and had to sit down to talk to the officer. *Id.* After refusing to provide an adequate breath sample several times, Robbins was arrested for driving under the influence. *Id.* at 3.

On February 12, 2013, Robbins was convicted in the Circuit Court of the City of Virginia Beach, ECF No. 7 at 1, for driving under the influence, in violation of Virginia Code §§ 18.2-266 and 18.2-270, and refusing to take a breath or blood test, in violation of Virginia Code § 18.2-268.3, *Robbins*, No. 0482-13-1 at 1. This was Robbins' second driving under the influence conviction in five years. ECF No. 7 at 1. The Circuit Court sentenced Robbins to serve the mandatory minimum sentence of twenty days in jail and a suspended sentence of 345 days along with a $500 fine, suspension of his driver's license for three years followed by a restricted license, enrollment in an alcohol safety action program, and prohibition from driving a motor vehicle without an ignition interlock. *Robbins v. Commonwealth of Virginia*, No. CR12-1730, at 1 (Va. Cir. Ct. Feb. 12, 2013). As a condition of his suspended sentence, Robbins was also required to complete the alcohol safety action program and to be on good behavior for three years. *Id.* at 2.

The Circuit Court denied Robbins' motion to set aside the verdict on February 26, 2013. ECF No. 7 at 1. Robbins appealed his conviction to the Virginia Court of Appeals, where he argued that his arrest warrant was improper because "it (1) improperly charged several offenses in the disjunctive rather than the conjunctive, (2) failed to advise him of the 'nature and cause of

the accusation' or 'particularly describe his offense, and (3) was not supported by probable cause." *Robbins*, No. 0482-13-1 at 1. On May 13, 2014, the Virginia Court of Appeals affirmed Robbins' conviction in an unpublished decision on the merits. *Id.* Robbins then filed a petition for appeal in the Supreme Court of Virginia, which was subsequently denied on December 12, 2014. ECF No. 7 at 2. Robbins did not file a state habeas petition.

By counsel, Robbins filed the instant Petition for federal habeas relief on December 14, 2015. ECF No. 1 at 1. Robbins alleged (1) his arrest warrant was "uncertain and therefore did not meet the requirements of the US Supreme Court"; (2) the Circuit Court lacked jurisdiction because "[a]fter the statute was changed there was no longer an offense" and that the "[c]hange was made by the Court of Appeals of Virginia"; and (3) the Court of Appeals of Virginia committed an ex post facto violation because the statute "wasn't changed until [the] Court of Appeals change" and "it was raised in [the] trial court and [the] Court of Appeals [and] both ignored it." *Id.* at 5-8. Robbins requested that this Court immediately release him from his current sentence and that his sentence be declared void. *Id.* at 15.

On March 30, 2016, the Respondent filed a Motion to Dismiss, a Rule 5 Answer, and a Brief in Support of the Motion to Dismiss. ECF Nos. 5-7. The Respondent argued in his Motion to Dismiss, inter alia, that Robbins' petition "should be dismissed because Robbins is not in custody, which of course is a threshold requirement for filing a habeas corpus petition." ECF No. 7 at 2. Robbins filed a Reply on April 19, 2016, and requested an evidentiary hearing on his claims. ECF No. 8 at 1. Robbins also argued that he was in custody when he filed his Petition because he was placed on a three year period of good behavior until February 12, 2016. *Id.* at 2. Robbins said he was to pay his fines by that date and since he did not until April 2016, "his probation had not been completed as of that time" and "[t]he trial court retains the authority to

revoke all or part of his suspended jail sentence if a violation is found." *Id.* Ultimately, Robbins acknowledged that "[w]hile these may or may not be sufficient consequences to be 'in custody,' they are 'collateral legal consequences,' and meet the test of *Minnesota v. Dickerson*" so "[t]he burden is on the Respondent to prove the contrary." *Id.* at 2-3.

Also on April 19, 2016, Robbins filed a Motion for Leave to Amend Petition, ECF No. 9, but he failed to attach a proposed Amended Petition. Robbins filed a Notice to the Court on April 28, 2016, to withdraw Claims 2 and 3 of his Petition. ECF No. 10. On July 19, 2016, Robbins filed a "Motion (Unopposed) to Amend Previously Filed (April 18, 2016) 'Motion for Leave to Amend Petition and Memerandum [sic] In Support Thereof'" to attach the proposed Amended Petition for his previous motion. ECF No. 13. The Respondent did not respond to Robbins' Reply or either of his subsequent motions and the time to do so has expired. Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Robbins is not "in Custody" on the Driving under the Influence Conviction

Robbins is not in custody as a result of the driving under the influence conviction he contests here, and therefore this Court lacks jurisdiction to consider the instant Petition. "The writ of habeas corpus shall not extend to a prisoner unless he is in custody under or by color of the authority of the United States or is committed for trial before some court thereof." 28 U.S.C. § 2241(c)(1). "The 'in custody' requirement is jurisdictional; if a habeas petitioner is not 'in custody" for the conviction or the sentence he is challenging, then the petition must be dismissed for lack of subject matter jurisdiction." *Allison v. Clarke*, No. 2:15-cv-144, 2016 WL 4582080, at *2 (E.D. Va. June 3, 2016) (citing *Lawson v. Dotson*, No. 3:11CV-P384-H, 2014 WL 186868, at *3 (W.D. Ky. Jan. 15, 2014)).

4

The Supreme Court held that the "in custody" requirement for habeas relief does not require that the petitioner be physically confined in order to challenge his sentence. *Jones v. Cunningham*, 371 U.S. 236, 239 (1963) ("[I]n the United States the use of habeas corpus has not been restricted to situations in which the applicant is in actual, physical custody."). In fact, a petitioner on probation or parole is considered in custody for purposes of 28 U.S.C. § 2254. *Id.* at 242-44. However, a petitioner is not in custody when the challenged sentence "has fully expired at the time [the] petition is filed." *Maleng v. Cook*, 490 U.S. 488, 491 (1989). Likewise, the collateral consequences of one conviction cannot give rise to the satisfaction of the in custody requirement to a separate detainment under a separate conviction. *Id.* at 492. For example, a rapist who has to register as a sex offender is not in custody as "the sex offender registration requirements...are collateral consequences of his conviction that are independently imposed on him because of his status as a convicted sex offender and not as a part of his sentence." *Wilson v. Flaherty*, 689 F.3d 332, 333 (4th Cir. 2012).

Here, Robbins argued that he was in custody because the Circuit Court could revoke his 345 day suspended sentence for failure to pay his fines within his three year period of good behavior. ECF No. 8 at 2-3. Robbins is mistaken. Virginia Code § 19.2-306(A) provides "In any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." When convicted on February 12, 2013, Robbins' actual sentence was twenty days in jail and 345 days of a suspended sentence, all of which he served or which expired no later than February 2014, well before Robbins filed his Petition on December 14, 2015. Thus, the Court could not have revoked his suspended sentence after the 345 days expired. Additionally, Robbins conceded that

"these may or may not be sufficient consequences to be 'in custody.'"[1] ECF No. 8 at 2-3. Since Robbins challenges a conviction for which he is no longer detained, he is not "in custody," and this Court has no jurisdiction to consider the merits of his Petition.

**B. Robbins' Request for an Evidentiary Hearing**

In the instant Petition, Robbins also requested an evidentiary hearing for his claims in his Reply brief. ECF No. 8 at 1. Among other requirements, an evidentiary hearing is permitted "only when the petitioner alleges additional facts, that if true, would entitle him to relief." *Beaver v. Thompson*, 93 F.3d 1186, 1190 (4th Cir. 1996). Robbins has identified no additional facts. Therefore, Robbins' request for an evidentiary hearing is **DENIED**.

**C. Robbins' Motions for Leave to File an Amended Petition**

Robbins also filed a Motion for Leave to Amend Petition, ECF No. 9, and a "Motion (Unopposed) to Amend Previously Filed (April 18, 2016) 'Motion for Leave to Amend Petition and Memerandum [sic] In Support Thereof," ECF No. 13. The Federal Rules of Civil Procedure provide "[t]he [C]ourt should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court of the United States has further declared "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962) (citation omitted). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006); *see also Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010)

---

[1] Robbins argued that the consequences of his failure to pay his fine are 'collateral legal consequences,' and meet the test of *Minnesota v. Dickerson*" so "[t]he burden is on the Respondent to prove the contrary." ECF No. 8 at 2-3. However, *Minnesota v. Dickerson* is a case about a criminal defendant's motion to suppress the seizure of crack cocaine that mentions mootness in a footnote, and is not a 28 U.S.C. § 2254 case involving in custody. 508 U.S. 366 (1993). Therefore, *Maleng* and *Wilson* are the proper authorities for analysis of the instant Petition.

("It is this Circuit's policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a).").

> The law is well settled "that leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Delay alone is an insufficient reason to deny leave to amend. Rather, the delay must be accompanied by prejudice, bad faith, or futility.

*Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)) (emphasis in original). Here, Robbins filed two motions in an attempt to amend the claims in his Petition, but neither alters the fact that he is not in custody for his driving under the influence conviction, nor was he in custody at the time he file his original Petition. Therefore, amending the Petition would be futile, and both motions should be denied.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 5, be **GRANTED**, and Robbins' Motion for Leave to Amend Petition, ECF No. 9, be **DENIED**, Robbins' "Motion (Unopposed) to Amend Previously Filed (April 18, 2016) 'Motion for Leave to Amend Petition and Memerandum [sic] In Support Thereof," ECF No. 13, be **DENIED**, and Robbins' Petition, ECF No. 1, be **DENIED and DISMISSED WITH PREJUDICE.**

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Robbins is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. §

636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to all counsel of record.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
December 1, 2016